

Leonard D. DuBoff, OSB #774378
lduboff@dubofflaw.com
The DuBoff Law Group, LLC
6665 S.W. Hampton Street, Suite 200
Portland, Oregon 97223-8357
Telephone: (503) 968-8111
Facsimile: (503) 968-7228

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **THOMSON REUTERS (TAX & ACCOUNTING) INC.,** | Case No. CV'09 1318 KI |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (Diversity)** |
| v. | |
| **THE DUBOFF LAW GROUP, LLC,** an Oregon limited liability company; **LEONARD DUBOFF,** an individual; **CHRISTOPHER BROWN,** an individual, | |
| Defendants. | |

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Leonard DuBoff ("DuBoff"), hereby removes to this court the state court action described below.

1) On November 6, 2009, Plaintiff Thomson Reuters (Tax & Accounting), Inc. filed a complaint in this action now pending in Multnomah County Circuit Court as *Thomson Reuters (Tax & Accounting), Inc. v. The DuBoff Law Group, LLC, et al.,* Case No. CV0211-12345. A copy of the Complaint is attached hereto as Exhibit 1.

2) DuBoff was served with a copy of the Complaint on November 6, 2009 via facsimile. DuBoff was also served with additional documents via email on November 9, 2009. Attached as Exhibit 2 are the following documents: Plaintiff's Ex Parte Motion for a Temporary Restraining Order and Show Cause Hearing, and Motion for Expedited Discovery; Declaration

**Page 1 – NOTICE OF REMOVAL**

\\Jelad\clients\3500-3599\3504\Thomson Reuters\Notice Removal Fed Court.doc



of Michael M. Ratoza in Support of Motion for a Temporary Restraining Order and Show Cause Hearing; Declaration of Tom Walsh; Declaration of Kenneth Koskay; Temporary Restraining Order and Show Cause; and Order Authorizing Expedited Discovery. The first date upon which DuBoff received a copy of the Complaint was November 6, 2009.

## JURISDICTION

3.      This action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this court by DuBoff pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The Complaint prays for judgment in its favor against all defendants in an amount to be proved at trial.

4.      Plaintiff Thomson Reuters (Tax & Accounting), Inc. is a corporation in the State of Texas and its principal place of business is Texas, as alleged by Plaintiff in paragraph 1 of the Complaint.

5.      Defendant The DuBoff Law Group, LLC is an Oregon limited liability company organized under the laws of the State of Oregon with its principal place of business in Oregon. DuBoff was at the time the action was filed by Plaintiff and is now a citizen of the State of Oregon. Brown was at the time the action was filed by Plaintiff and is now a citizen of the State of Oregon.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Page 2 – NOTICE OF REMOVAL**

6.  There is complete diversity.

DATED: November 9, 2009



The DuBoff Law Group, LLC

_____
Leonard D. DuBoff, OSB #774378
lduboff@dubofflaw.com
The DuBoff Law Group, LLC
6665 SW Hampton Street, Suite 200
Portland, Oregon 97232
Telephone: (503) 968-8111
Facsimile: (503) 968-7228

**Page 3 – NOTICE OF REMOVAL**

NOV − 6 2009

1

2

3

4

5

6

7               IN THE CIRCUIT COURT OF THE STATE OF OREGON

8                     FOR THE COUNTY OF MULTNOMAH

9  THOMSON REUTERS (TAX &         No.: __**0911-15600**__
   ACCOUNTING) INC.,
10
                                  COMPLAINT
11            Plaintiff,
                                  (ORICO; CONVERSION; TORTIOUS
12       v.                       INTERFERENCE WITH BUSINESS
                                  RELATIONS; ABUSE OF PROCESS;
   THE DUBOFF LAW GROUP, LLC, an  SLANDER; INJUNCTIVE RELIEF)
13 Oregon limited liability company;
   LEONARD DUBOFF, an individual;  Claim Exceeds $50,000
14 CHRISTOPHER BROWN, an individual,
                                  Not Subject to Mandatory Arbitration
15            Defendants.
                                  JURY TRIAL REQUESTED
16

17

18       Plaintiff Thomson Reuters (Tax & Accounting) Inc. ("Thomson") states and alleges

   as follows:
19
                                      1.
20
         Thomson is now and has at all material times been a Texas corporation licensed to do
21
   business in the State of Oregon with its principal place of business located in Carrollton, in
22
   Dallas County in the State of Texas.
23
                                      2.
24
         Defendant The DuBoff Law Group, LLC ("DuBoff Law") is now and has at all
25
   material times been an Oregon limited liability company licensed to do business in the State
26

Page 1−   COMPLAINT                          Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

EX. 1.

1 │ of Oregon with its principal place of business located in the city of Tigard, in Washington

2 │ County in the State of Oregon.

3 │                               3.

4 │       On information and belief, Defendant Leonard DuBoff is now and has at all material

5 │ times been a resident of the State of Oregon.

6 │                               4.

7 │       On information and belief, Defendant Christopher Brown is now and has at all

8 │ material times been a resident of the State of Oregon.

9 │                               5.

10 │       DuBoff Law is a law firm founded by Leonard DuBoff.

11 │                               6.

12 │       Leonard DuBoff is now and has at all material times been an attorney practicing with

13 │ DuBoff Law.

14 │                               7.

15 │       Christopher Brown is now and has at all material times been an attorney practicing

16 │ with DuBoff Law.

17 │                               8.

18 │       In *The DuBoff Law Group, LLC v. Partner Connections LLC*, Multnomah County

19 │ Circuit Court Case No. 0804-05143 (the "Partner Lawsuit"), Duboff Law obtained an

20 │ arbitration award in the amount of $151,270.39 against Partner Connections, LLC

21 │ ("Partner") for attorney fees that Duboff Law claimed for representing Partner in earlier

22 │ arbitration proceedings.

23 │                               9.

24 │       The arbitration award was confirmed with the Court in the Partner Lawsuit, and the

25 │ Court entered a General Judgment and Money Award in favor of DuBoff Law on June 19,

26 │ 2008.

Page 2–   COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

10.

Thomson was not a party to the Partner Lawsuit.

11.

Thomson has never owed any money to Partner at any time material herein.

12.

Notwithstanding the fact that Thomson does not owe any money to Partner, DuBoff Law, seeking to collect on its judgment against Partner, prepared a writ of garnishment (the "Writ") for delivery to Thomson.

13.

The Multnomah County Circuit Court issued the Writ in the State of Oregon, which Writ was signed by Leonard DuBoff.

14.

Thomson has a registered agent in the State of Oregon, which registered agent is located in Salem, Oregon.

15.

DuBoff Law never served the Writ on Thomson's registered agent in the State of Oregon.

16.

Instead of serving the Writ on Thomson's registered agent in the State of Oregon, DuBoff Law sent the Writ to Thomson's registered agent in the State of Texas.

17.

Because the Writ dealt with an Oregon dispute, it was met with confusion at Thomson's Texas office, and Thomson was unable to prepare a response to the Writ within the seven days required by Oregon statute.

18.

Due to Thomson's delay in responding to the Writ, DuBoff Law obtained an Order

Page 3—    COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

1 | from the Multnomah County Circuit Court requiring Thomson to appear on September 10,

2 | 2009 at 11:00 a.m. in order to be examined under oath concerning its failure to respond.

3 | 19.

4 | Instead of serving the Court's order on Thomson's registered agent in the State of

5 | Oregon, DuBoff Law sent the order to Thomson's registered agent in the State of Texas.

6 | 20.

7 | When Thomson did not appear at the hearing on September 10, 2009, DuBoff Law

8 | sought a Supplemental General Judgment identifying Thomson as a judgment debtor.

9 | 21.

10 | Christopher Brown filed a declaration in support of DuBoff Law's motion for the

11 | Supplemental General Judgment.

12 | 22.

13 | In his declaration, Christopher Brown stated that he had "reviewed the Oregon

14 | Secretary of State's online business registry data" and confirmed that "Thomson is registered

15 | to do business in this state, and is registered with the Oregon Secretary of State . . . ."

16 | 23.

17 | In his declaration, Christopher Brown further declared that DuBoff Law had

18 | "personally served Thomson with true and correct copies of Plaintiff's Allegations against

19 | Garnishee, Motion for Appearance of Garnishee, and certified Order for Appearance of

20 | Garnishee . . . ."

21 | 24.

22 | In his declaration, Christopher Brown never alerted the Multnomah County Circuit

23 | Court to the fact that DuBoff Law never served Thomson's registered agent in the State of

24 | Oregon with any papers related to its efforts to have Thomson brought in as a garnishee in

25 | the Partner Lawsuit.

26 |

Page 4 — COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

25.

In reliance on Christopher Brown's declaration, the Multnomah County Circuit Court entered a Supplemental Default Judgment against Thomson in the Partner Lawsuit for $151,270.39 plus prejudgment interest.

26.

Had Thomson been appropriately served with the Writ in Oregon, it would have had an opportunity to respond and the Court would have learned that Thomson did not owe any money to Partner at the time of delivery of the Writ or at any time thereafter.

27.

Thomson owns databases all over the world, which provide tax and accounting information to subscribers.

28.

Thomson's accounts include nine of the top ten CPA firms in the United States. Thomson refers to these as "National Accounts," and they are among Thomson's most prestigious clientele.

29.

Each of these National Accounts is billed significant sums in the fourth quarter for products and services Thomson renders them during the quarter.

30.

On October 22, 2009, DuBoff Law sent writs of garnishment demanding payment of approximately $176,000 to multiple Thomson customers and subscribers, including many of Thomson's National Accounts, based on the Supplemental General Judgment making Thomson a garnishee in the Partner Lawsuit. For example:

a.     DuBoff Law sent a writ of garnishment demanding payment of approximately $176,000 to Thomson customer Moss Adams, LLP, in Seattle;

b.     DuBoff Law sent a writ of garnishment demanding payment of approximately

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

1         $176,000 to Thomson customer Grant Thornton, LLP, in Chicago;

2     c.     DuBoff Law sent a writ of garnishment demanding payment of approximately

3         $176,000 to Thomson customer Ernst & Young US, LLP, in New York;

4     d.     DuBoff Law sent a writ of garnishment demanding payment of approximately

5         $176,000 to Thomson customer PricewaterhouseCoopers, LLP, in New York;

6     e.     DuBoff Law sent a writ of garnishment demanding payment of approximately

7         $176,000 to Thomson customer Deloitte, LLP, in New York; and

8     f.     DuBoff Law sent a writ of garnishment demanding payment of approximately

9         $176,000 to Thomson customer KPMG, LLP's Portland, Oregon office.

10               31.

11     On Monday, November 2, 2009, Thomson served DuBoff Law with a proposed

12 Motion for Entry of Order Staying Enforcement of Supplemental General Judgment.

13               32.

14     Thomson's proposed November 2, 2009 motion was supported by the Declaration of

15 John Stevko, a member of Partner, who declared that "[Thomson] did not owe any monies or

16 other things, and did not have in its possession any monies or other things owing, to [Partner]

17 at the time of [DuBoff Law]'s issuance of [the Writ] on or about May 11, 2009, nor at any

18 other time."

19               33.

20     Thomson's November 2, 2009, motion pointed out, among other things, that DuBoff

21 Law inappropriately served multiple Thomson customers with writs of garnishment outside

22 the State of Oregon notwithstanding the fact that Oregon courts have no jurisdiction to

23 enforce Oregon judgments in other states.

24               34.

25     On Wednesday, November 4, 2009, DuBoff Law sent a writ of garnishment

26 demanding payment of approximately $176,000 to Deloitte, LLP's office in Oregon.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

**35.**

On Wednesday, November 4, 2009, DuBoff Law sent new writs of garnishment demanding payment of approximately $176,000 to the Oregon offices of Moss Adams, LLP; Grant Thornton, LLP; Ernst & Young US, LLP; and PricewaterhouseCoopers, LLP.

**36.**

The writs of garnishment served by defendants seek to collect on DuBoff Law's unjust judgment.

**37.**

Thomson's business relations have been put at risk by the writs of garnishment served on its customers.

**38.**

Many of Thomson's customers who have received these writs have questioned the financial viability of Thomson as a result, thereby embarrassing Thomson and making it more challenging for Thomson to provide services to its National Accounts.

**39.**

Further, the writs have caused some of Thomson's National Accounts to proceed more cautiously in paying the account receivables that they owe to Thomson, thereby placing at risk the receivable assets owned by Thomson.

**40.**

The only business interaction between Thomson and Partner occurred approximately five years ago.

**41.**

On October 5, 2004, Thomson successfully closed a deal in which it purchased the assets of a company called Gear Up, Inc. ("Gear Up").

**42.**

Leonard DuBoff was an attorney representing Gear Up in that transaction.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

43.

On information and belief, Gear Up had some sort of business relationship with Partner.

44.

It was made clear during the transaction between Thomson and Gear Up that Thomson was only acquiring the assets of Gear Up and was not acquiring any business or assets of Partner.

45.

The purchase and sale agreement between Gear Up and Thomson, which Leonard DuBoff assisted in drafting, explicitly provides that Partner was excluded from the sale of assets to Thomson.

46.

On information and belief, Leonard DuBoff, due to his work on the transaction involving Thomson and Gear Up, learned that Thomson was a financially successful company.

47.

On information and belief, the defendants have made Thomson the target of their efforts to collect a false debt from Thomson because they were familiar with Thomson's financial strength.

**FIRST CLAIM FOR RELIEF**

(ORICO—all defendants)

48.

Thomson realleges and incorporates Paragraphs 1 through 47 above.

49.

Defendant Duboff Law, Defendant Leonard DuBoff, and Defendant Christopher Brown are engaged in a common enterprise.

Page 8—   COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2069
Telephone: 503.228.6351
Facsimile: 503.295.0915

50.

The defendants have engaged in a pattern of racketeering activity as follows:

a.  The defendants have committed the crime of false swearing under ORS
    162.075(1) by making false sworn statements, knowing them to be false,
    regarding the false debt owed by Thomson as set out in Paragraphs 11-12, 31,
    32, and 34-35 of this Complaint; and

b.  The defendants have committed the crime of unsworn falsification under
    ORS 162.085 by knowingly making false written statements to the Court in
    connection with their attempts to collect on the false debt as set out in
    Paragraphs 12-13, 18, and 20-25 of this Complaint.

51.

The defendants' racketeering activity has taken place during a designating period of
time, beginning with the defendants' preparing the Writ and continuing through the date of
filing of this Complaint.

52.

The defendants' racketeering activity has the same or similar intents, results,
accomplices, victims, and methods of commission because the same defendants are seeking
to collect on the same false debt purportedly owed by Thomson by making multiple false
statements to the Court and a number of Thomson's customers.

53.

The defendants' racketeering activity as alleged in Paragraph 50 were not isolated
incidents—they were part of the defendants' continuing effort to collect on a knowingly false
debt.

54.

As a result of the defendants' illegal activities, Thomson has been damaged in an
amount to be proven at trial.

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

## SECOND CLAIM FOR RELIEF

### (Conversion—all defendants)

55.

Thomson realleges and incorporates Paragraphs 1 through 47 above.

56.

Based on the conduct outlined above, defendants have intentionally exercised dominion over Thomson's accounts receivable in a manner that prevents Thomson from collecting the full value of those accounts.

57.

The defendants' conversion described above was willful and wanton and justifies the imposition of damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Tortious Interference with Business Relations—all defendants)

58.

Thomson realleges and incorporates Paragraphs 1 through 47 above.

59.

Thomson has an ongoing business relationship with each of the customers who received writs of garnishment from the defendants in this case.

60.

The defendants have intentionally interfered with Thomson's business relationships with its customers by sending the customers named above writs of garnishment.

61.

The defendants' interference with Thomson's business relationships is through improper means, as the defendants did not properly serve Thomson or its customers with its legal briefing or writs arising out of the Partner Lawsuit.

Page 10– COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

62.

The defendants' interference with Thomson's business relationships is for an improper purpose, as the defendants are attempting to collect on a debt that has never been owed.

63.

Many of Thomson's customers who received writs of garnishment from the defendants in this case have asked Thomson if it is having cash flow issues or problems paying its bills.

64.

The defendants' writs of garnishment are inflicting damage on Thomson's ability to collect on its accounts receivable and have impaired Thomson's ability to receive all of its customer subscriptions before the end of the year (which, in turn, impairs Thomson's ability to properly account for all renewals).

65.

As a result of the defendants' intentional interference with Thomson's business relationships with its key customers, Thomson has been damaged in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

(Abuse of Process—all defendants)

66.

Thomson realleges and incorporates Paragraphs 1 through 47 above.

67.

Based on the conduct outlined above, the defendants have perverted a legal process that is regular on its face (judgment collection efforts through writs of garnishment) for a purpose for which the process is not intended (collecting monies that are not owed, and using Oregon process out of state to collect monies held out of state). Through their writs of

Page 11– COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

1 | garnishment, the defendants are attempting to use improperly the legal process as a tool to
2 | collect on a false debt.

3 | 68.

4 | As a result of the defendants' abuse of process, Thomson has been damaged in an
5 | amount to be proven at trial.

6 | **FIFTH CLAIM FOR RELIEF**

7 | (Slander—all defendants)

8 | 69.

9 | Thomson realleges and incorporates Paragraphs 1 through 47 above.

10 | 70.

11 | As set out in Paragraphs 11-12, 30, 32, and 34-35, the defendants have repeatedly
12 | made false statements to the Court and to multiple Thomson customers that Thomson owes
13 | DuBoff Law approximately $176,000.

14 | 71.

15 | Statements about Thomson's false debt are defamatory because they suggest that
16 | Thomson is having money issues and/or does not pay its debts.

17 | 72.

18 | The defendants did not believe the false statements outlined above regarding
19 | Thomson's purported debt and had no reasonable basis to believe those statements.

20 | 73.

21 | The defendants made their false statements out of malice and bad faith in an attempt
22 | to collect on a false debt.

23 | 74.

24 | As a result of the defendants false and slanderous statements regarding Thomson's
25 | false debt to multiple Thomson customers, Thomson has suffered damages in an amount to
26 | be proven at trial.

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

# SIXTH CLAIM FOR RELIEF

## (Injunctive Relief—all defendants)

### 75.

Thomson realleges and incorporates Paragraphs 1 through 47 above.

### 76.

Based on the conduct outlined above, the defendants are engaged in tortious and criminal activities that are causing immediate and irreparable harm to Thomson.

### 77.

Thomson will prevail on its claims against the defendants for its tortious and unlawful activities.

### 78.

The harm to Thomson's reputation and business relationships cannot be completely addressed by money damages. Therefore, it has no adequate remedy at law.

### 79.

Thomson seeks temporary, preliminary, and permanent injunctive relief to stop the defendants from unlawfully using the courts to collect a false debt.

///
///
///
///
///
///
///
///
///
///

Page 13—  COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915

WHEREFORE, Thomson prays for relief as follows:

(1)    On its First through Fifth Claims for Relief, for judgment in its favor against all defendants in an amount to be proven at trial;

(2)    On its Sixth Claim for Relief, for temporary, preliminary, and permanent injunctive relief to stop the defendants from unlawfully using the courts to collect a false debt;

(3)    For its costs and disbursements incurred herein; and

(4)    For such other and further relief as the court deems just and equitable.

DATED:  November 6, 2009

BULLIVANT HOUSER BAILEY PC


By _____/s/ Michael R. Ratoza_____

Michael M. Ratoza, OSB #763010
E-Mail: michael.ratoza@bullivant.com
Emilie K. Edling, OSB #035931
E-Mail: emilie.edling@bullivant.com

Attorneys for Thomson Reuters (Tax & Accounting) Inc.

12118893.1

Page 14–  COMPLAINT

Bullivant|Houser|Bailey PC

300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915